(C.D. 3491)

F. W. WOOLWORTH COMPANY *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 25, 1968)

*Sharretts, Paley, Carter & Blauvelt* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before WATSON and MALETZ, Judges

WATSON, Judge: This suit has been submitted for decision on the following agreement between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, that the merchandise marked "A" and initialed J.F.H. (Initials) by Commodity Specialist Joseph F. Hain (Commodity Specialist's name) on the invoices accompanying the entry covered by the instant protest, which was assessed for duty at the rate of 50 percentum ad valorem under the provisions of paragraph 1518, Tariff Act of 1930, and which is claimed properly dutiable at the rate of 27 percentum ad valorem under the provisions of paragraph 1503 of the Act, as modified by T.D. 54108, consists of articles invoiced as glass bead sprays which, while not described by the provisions of paragraph 1518, are in chief value of, but not ornamented with beads other than imitation pearl beads, beads in imitation of precious or semiprecious stones, and beads in chief value of synthetic resin.

IT IS FURTHER STIPULATED AND AGREED that the instant protest is submitted for decision upon this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

Accepting this stipulation as a statement of fact, we hold the merchandise marked with the letter "A" and initialed J.F.H. by Joseph F. Hain, Commodity Specialist, on the invoice accompanying the entry covered by the involved protest properly dutiable under paragraph 1503 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, at the rate of 27 per centum ad valorem as articles, composed wholly or in chief value of beads, as claimed.

To the extent indicated, the protest is sustained. In all other respects and as to all other merchandise, all the claims are overruled.

Judgment will issue accordingly.